UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CHARLOTTE LUCKETT, LUDELLA PARKS, | ) | |
| ROSETTA CATLETT, ALVIN HUTTON, | ) | |
| FLETCHER HUTTON, RODNEY HUTTON, | ) | |
| PHILIP HUTTON, MAURICE HUTTON, | ) | 08 C 1501 |
| CALVIN HUTTON, FENNER HUTTON, JR., | ) | |
| YOLANDA HUTTON, CATERIA HUTTON, | ) | Judge Castillo |
| LENTELL HUTTON, LEVAR HUTTON, | ) | Magistrate Brown |
| IVORY JEAN HUTTON, ARONTA TUCKER, | ) | |
| ARREIUM TUCKER, ARTESHIA TUCKER, | ) | |
| ANTHONY TUCKER, JR., BRENDA MAR- | ) | |
| SHALL, parent and next friend of | ) | |
| BRANDON HUTTON and BRIANNA HUTTON, | ) | |
| minors, BRIAN HUTTON, JR., | ) | |
| VINCENT FRENCH, | ) | |
|     Plaintiffs. | ) | |
| | ) | |
|     vs. | ) | |
| | ) | PLAINTIFFS DEMAND TRIAL BY |
| FIRST MIDWEST BANK, | ) | JURY |
|     Defendant. | ) | |

FIRST AMENDED COMPLAINT FOR ABUSE OF FIDUCIARY DUTY

Now come the Plaintiffs, Charlotte Luckett, Ludella Parks,
Rosetta Catlett, Alvin Hutton, Fletcher Hutton, Rodney Hutton,
Philip Hutton, Maurice Hutton, Calvin Hutton, Fenner Hutton, Jr.,
Yolanda Hutton, Catteria Hutton, Lavar Hutton, Lentell Hutton,
Ivory Jean Hutton, Aronta Tucker, Arreiun Tucker, Arteshia Tucker
Anthony Tucker, Jr., Brenda Marshall, parent and next friend of
Brandon Hutton and Brianna Hutton, minors, Brian Hutton, Jr. and
Vincent French by and through their attorneys, Terence J. Tyksin-
ski and Robert Handelsman, and complain of the Defendant, First
Midwest Bank, as follows:

1

COUNT I -- FEDERAL CAUSE OF ACTION

SUBJECT MATTER JURISDICTION AND VENUE

1. Subject-matter jurisdiction is premised upon 28 U.S.C. Secs. 1331 and 1337(a). First Midwest Bank's liability as alleged herein is created by Subchapter XVI of Chapter 2 of the National Banking Act, 12 U.S.C. Sec. 215, et seq. due to its purchase and acquisition of Bank Calumet, N.A. as alleged in paragraphs 22 and 23 hereof.

2. Venue in this judicial district is premised upon 28 U.S.C. Sec. 1391(b) as the Defendant's principal place of business is in this judicial district and a substantial part of the events and omissions giving rise to the claim occurred in this judicial district.

PARTIES

3. Charlotte Luckett, Ludella Parks, Rosetta Catlet, Alvin Hutton, Fletcher Hutton, Rodney Hutton, Philip Hutton and Maurice Hutton are surviving adult children of L.T. Hutton, deceased.

Fenner Hutton, Jr. and Calvin Hutton, adults, are the only children of Fenner Hutton, a deceased son of L.T. Hutton, who died intestate prior to the death to the death of L.T. Hutton.

Yolanda Hutton is the surviving spouse of Charles Hutton, a deceased son of L.T. Hutton who died intestate subsequent to the death of L.T. Hutton. Cateria Hutton, an adult, is the only child of Charles Hutton.

2

Lentell Hutton and Lavar Hutton, adults, are the only children of L.T. Hutton, Jr., a deceased son of L.T. Hutton who died intestate subsequent to the death of L.T. Hutton. Ivory Jean Hutton is the surviving spouse of L.T. Hutton, Jr.

Arreiun Tucker, Arteshia Tucker, Anthony Tucker, Jr. and Aronta Tucker, adults, are the only children of Denise French, a deceased daughter of L.T. Hutton who died intestate subsequent to the death of L.T. Hutton.

Brenda Marshall is the surviving spouse of Brian Hutton, a deceased son of L.T. Hutton who died intestate prior to the death of L.T. Hutton. Brandon Hutton and Brianna Hutton are surviving minor children of Brian Hutton. Brian Hutton, Jr. is an adult. Brandon Hutton, Brianna Hutton and Brian Hutton, Jr. are the only children of Brian Hutton.

Vincent French is the surviving spouse of Denise French.

4. At all times material hereto, Defendant First Midwest Bank has been and is a chartered state bank licensed to do business in the State of Illinois pursuant to 205 ILCS 5/1, et seq. with its principal place of business in Itasca, Illinois, a member of the Federal Reserve system, insured by the Federal Deposit Insurance Corporation and engaged in the business of banking. The stock of First Midwest Bank is wholly owned by First Midwest Bancorp, Inc., a bank holding company pursuant to 12 U.S.C. Sec. 1841, et seq. and 205 ILCS 10/1, et seq.

3

CAUSE OF ACTION

5. On December 31, 1996, L.T. Hutton and his wife, Mary L. Hutton, were the fee simple owners in joint tenancy of the real estate commonly known as 20917 Corinth Road in Olympia Fields, Cook County, Illinois ("the real estate"). On that date, they mortgaged the real estate to Bank Calumet, N.A. for $125,000.

6. At all times material hereto, Bank Calumet, N.A. was a national banking association operating pursuant to 12 U.S.C. Sec. 21, et seq., insured by the Federal Deposit Insurance Corporation, and maintained its main office in the State of Indiana.

7. On December 4, 1998, L.T. Hutton and his wife, Mary L. Hutton were the fee simple owners in joint tenancy of the real estate commonly known as 20917 Corinth Road in Olympia Fields, Illinois ("the real estate"). On that date, they mortgaged the real estate to House of Windows, Inc. for $8,989.50.

8. Mary L. Hutton died on March 18, 2002.

9. On November 21, 2002, Bank Calumet, N.A., by its attorney, James E. Molenaar, filed an action in the Circuit Court of Cook County, Illinois under docket number 02 CH 21124 against L.T. Hutton and Mary L. Hutton to foreclose both of the aforesaid mortgages. The complaint, in two counts, sought a total of $131,881.67 and a total per diem of $26.92825.

10. L.T. Hutton was mentally incompetent when the foreclosure action was filed and died intestate on December 3, 2002.

4

11. On September 3, 2003, Bank Calumet, N.A., by its attorney, James E. Molenaar, filed a petition in the Probate Division of the Circuit Court of Cook County, Illinois under docket number 03 P 4727 for the issuance of letters of administration of the Estate of L. T. Hutton, deceased.

12. Letters of administration of the Estate of L.T. Hutton, deceased were granted to Bank Calumet, N.A. on September 3, 2003. A copy of said letters is attached hereto and made a part hereof as Exhibit A.

13. As administrator of the Estate of L.T. Hutton, deceased, Bank Calumet, N.A. had, at all times material hereto, a fiduciary duty of fidelity, good faith and undivided loyalty to the heirs of L.T. Hutton and was required to act in the best interests of said heirs to the exclusion of all other interests, including its own.

14. On March 30, 2004, Bank Calumet, N.A. sold and conveyed the real estate by an administrator's deed to KTK Enterprises for $160,000. On that date, Bank Calumet, N.A. issued a corrected deed stating that, for "good and sufficient consideration", it sold and conveyed the real estate to Keith Eenigenburg. Copies of the respective deeds are attached hereto and made a part hereof as Exhibits B and C respectively.

15. The fair market value of the real estate on March 30, 2004 was $240,000.

16. On May 24, 2004, 02 CH 21124 was dismissed for want of prosecution. A copy of the order of dismissal is attached hereto and made a part hereof as Exhibit D.

17. Bank Calumet never filed a claim in 03 P 4727 pursuant to 755 ILCS 5/18-8.

18. As of the filing of this lawsuit, 03 P 4727 has not been closed.

19. On December 16, 2004, Keith Eenigenburg sold and conveyed the real estate to Rosalind Nelson for $240,000. A copy of the deed therefor is attached hereto and made a part hereof as Exhibit E.

20. Bank Calumet, N.A. has never accounted to the Plaintiffs for any of the moneys received from the sale to Eenigenburg.

21. By virtue of the premises herein, Bank Calumet, N.A., in its capacity as Administrator of the Estate of L.H. Hutton, deceased, owed a fiduciary duty to Plaintiffs to sell the real estate to Keith Eenigenburg at its fair market value and to account to them for all of said sales proceeds and, with gross, wanton and reckless disregard for and reckless indifference to the rights of Plaintiffs, it breached those fiduciary duties by failing to sell the real estate at its fair market value and to account to Plaintiffs for any of said sales proceeds.

22. On February 16, 2006, the Federal Reserve Board approved the merger of Bank Calumet, N.A. into First Midwest Bank. A copy

6

of the notice of approval is attached hereto and made a part hereof as Exhibit F.

23. On May 12, 2006, Bank Calumet, N.A. was acquired by and merged into Defendant First Midwest Bank which assumed all of the liabilities of Bank Calumet, N.A. pursuant to Subchapter XVI of Chapter 2 of the National Banking Act, 12 U.S.C. Sec. 215, et seq., and Sec. 6 of the "Agreement and Plan of Merger" between Bank Calumet, N.A. and First Midwest Bank. A copy of said "Agreement and Plan of Merger" is attached hereto and made a part hereof as Exhibit G.

WHEREFORE, for the foregoing reasons, Plaintiffs request this court for the following relief:

1. That judgment be entered for them and against First Midwest Bank in the amount of $240,000 as and for actual and compensatory damages.

2. That judgment be entered for them and against First Midwest Bank, in the amount of $2,400,000 as and for punitive and exemplary damages.

3. For pre-judgment interest on the compensatory damages pursuant to 28 U.S.C. Sec. 1961.

4. For costs of suit pursuant to 28 U.S.C. Sec. 1920.

COUNT II -- SUPPLEMENTAL JURISDICTION OF STATE LAW CLAIM

SUBJECT-MATTER JURISDICTION AND VENUE

1. Subject-matter jurisdiction is premised upon 28 U.S.C. Sec. 1367 and this court's subject-matter jurisdiction of Count I hereof.

2. Venue in this judicial district is premised upon 28 U.S.C. Sec. 1391(b) as the Defendant's principal place of business is in this judicial district and a substantial part of the events and omissions giving rise to the claim occurred in this judicial district.

CAUSE OF ACTION

3-22. Paragraphs 3-22 of Count I hereof are incorporated herein by reference as though fully set forth.

23. On May 12, 2006, Bank Calumet, N.A. was acquired by and merged into Defendant First Midwest Bank which assumed all of the liabilities of Bank Calumet, N.A. pursuant to 205 ILCS 5/28 and Sec. 6 of the "Agreement and Plan of Merger" between Bank Calumet, N.A. and First Midwest Bank. A copy of said "Agreement and Plan of Merger" is attached hereto and made a part hereof as Exhibit G.

WHEREFORE, for the foregoing reasons, Plaintiffs request

8

this court for the following relief:

1. That judgment be entered for them and against First Midwest Bank in the amount of $240,000 as and for actual and compensatory damages.

2. That judgment be entered for them and against First Midwest Bank in the amount of $2,400,000 as and for punitive and exemplary damages.

3. For pre-judgment interest on the compensatory damages pursuant to 28 U.S.C. Sec. 1961.

4. For costs of suit pursuant to 28 U.S.C. Sec. 1920.

/s/Charlotte Luckett
_____
Charlotte Luckett

/s/Robert Handelsman
_____
Robert Handelsman

Terence J. Tyksinski                    Robert Handelsman
Suite 517                               Suite 1717
77 W. Washington St.                    77 W. Washington St.
Chicago, Ill. 60602                     Chicago, Ill. 60602
312-372-3525                            312-977-1600

Attorneys for Plaintiffs

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT, PROBATE DIVISION

Estate of

**L.T. HUTTON**

Deceased

No. **2003 P 004727**

Docket

Page

## LETTERS OF OFFICE - DECEDENT'S ESTATE

**BANK CALUMET**        has been appointed

Supervised      Administrator      of the estate of

**L.T. HUTTON**      , deceased,

who died **Tuesday, December 03, 2002** , and is authorized to to take possession of and collect the

estate of the decedent and to do all acts required by law.

LS

WITNESS, **September 03, 2003**

**Dorothy Brown**
**Clerk of the Circuit Court**

## CERTIFICATE

I certify that this is a copy of the letters of office now in force in the estate.

WITNESS, **April 26, 2007**

*Dorothy Brown*
Clerk of Court

jmt

---

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

EX. A

Doc#: 0411226005
Eugene "Gene" Moore  Fee: $26.00
Cook County Recorder of Deeds
Date: 04/21/2004 09:28 AM Pg: 1 of 2

## ADMINISTRATOR'S DEED

Bank Calumet, as personal representative of the estate

of L.T. Hutton, deceased, which estate is under the

supervision of the Circuit Court of Cook County, County

Department, Probate Division, under Cause Number 2003 P

4727, for good and sufficient consideration, conveys to:

KTK Enterprises

the following described real estate in Cook County, State of

Illinois, to wit:

Lot 11 in Block 4 in Athenia Park, being a
subdivision of the Northeast 1/4 of Section 24, Township 35
North, Range 13, East of the Third Principal Meridian
excepting the East 22.5 acres of the North 45 acres thereof
and also excepting therefrom the following described tract:
Commencing at the Southeast corner of the above said 45
acres, thence South along the East Line of said Section 24,
330 feet, thence West of the West line of the East ½ of the
Northeast 1/4 of said Section, thence North 330 feet to the
South line of the said 45 acres, thence East along the said
South line to the place of beginning, in Cook County,
Illinois

Commonly known as 20917 Corinth Road, Olympia Fields,
Illinois 60461

PIN 31-24-204-011

1853163 V1

ATGF, INC.

EX. B1

IN WITNESS WHEREOF, the said Bank Calumet, as personal

representative of the estate of L.T. Hutton, deceased, has

hereunto set their hand and seal this 30th day of March,

2004.

Bank Calumet

by: _Art R. Russell_

its: _Vice President_

Personal Representative of the Estate of L.T. Hutton

STATE OF ILLINOIS )
                  )  SS:
COUNTY OF COOK    )

Before me, the undersigned, a Notary Public, in and for
said County and State, personally appeared the above
individual, as personal representative of the estate of L.T.
Hutton, and acknowledged the execution of said deed to be
his voluntary act and deed for the uses and purposes
expressed therein.

WITNESS MY HAND AND SEAL THIS 30th DAY OF March, 2004.

_____
Notary Public

My Commission Expires:

"OFFICIAL SEAL"
PAULA J. JANIK
Notary Public, State of Illinois
My Commission Expires Feb. 28, 2005





STATE OF ILLINOIS — REAL ESTATE TRANSFER TAX — STATE TAX — APR.14.04 — 0016000 — FP326652

COOK COUNTY REAL ESTATE TRANSACTION TAX — REAL ESTATE TRANSFER TAX — COUNTY TAX — APR.14.04 — 0008000 — FP326665 — REVENUE STAMP

EX. B2

## ADMINISTRATOR'S DEED

Bank Calumet, as personal representative of the estate of L.T. Hutton,

deceased, which estate is under the supervision of the Circuit Court of Cook

County, County Department, Probate Division, under Cause Number 2003 P 4727.

for good and sufficient consideration, conveys to:

KEITH EENIGENBURG

the following described real estate in Cook County, State of Illinois, to wit:

Lot 11 in Block 4 in Athenia Park, being a subdivision of the Northeast ¼ of Section 24, Township 35 North, Range 13, East of the Third Principal Meridian excepting the East 22.5 acres of the North 45 acres thereof and also excepting therefrom the following described tract: Commencing at the Southeast corner of the above said 45 acres, thence South along the East Line of said Section 24, 330 feet, thence South alon ghte East Line of said Section 24, Northeast ¼ of said Section, thence North 330 feet to the South of said 45 acres, thence East along the said South line to the place of beginning, in Cook County, Illinois.

Commonly known as 20917 Corinth Road, Olympia Fields, Illinois 60461

PIN 31-24-204-011-0000

IN WITNESS WHEREOF, the Bank Calumet, as personal representative of the estate

of L.T. Hutton, deceased, has hereunto set their hand and seal this 30ᵗʰ day of

March, 2004.

Bank Calumet

By: _Art Russell_

Its: _Vice President_

Personal Representative of the Estate of L.T. Hutton

STATE OF ILLINOIS          )
                           ) SS :
COUNTY OF COOK             )

$EX. C1$

Before me, the undersigned, a Notary Public, in and for said County and State, personally appeared the above individual, as personal representative of the

RECORDING THIS DEED TO CORRECT THE GRANTEE ON DEED RECORDED UNDER DOC #0411226005

DEC-16-04   13:48   FROM-Sharon A. Zogas & Associates   7732336648   T-302   P.003/003   F-308

estate of L.T. Hutton, and acknowledged the execution of said deed to be his voluntary act and deed for the uses and purposes expressed therein.

WITNESS MY HAND AND SEAL THIS 30TH DAY OF MARCH, 2004

*Joan C. Bukowski*

Notary Public   Joan C. Bukowski

My Commission Expires:

July 19, 2007

Resident of Lake Co., Indiana

Doc#: 0503411459
Eugene "Gene" Moore  Fee: $28.00
Cook County Recorder of Deeds
Date: 02/03/2005 01:34 PM  Pg: 1 of 3

ADMINISTRATOR'S DEED

# P.N.T.N.

PREPARED BY-ART RUSSELL
MAIL TO← KEITH EENIGENBURG
        20917 CORINTH RD
        OLYMPIA FIELDS, IL 60461

3拠

EX-C3

RECORDING THIS DEED TO CORRECT THE GRANTEE ON DEED RECORDED UNDER DOC #0411226005

(This form replaces CCL 500, CCCH 11 & CCMD 0622)    CCG N619-50M-1/21/04 (3335092)

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
_____ DIVISION/_____ DISTRICT

BANK OF CALUMET

v.

HUTTON

}

No. _02CH 2112Y_

#### DISMISSAL FOR WANT OF PROSECUTION ORDER

8035

This cause coming to be heard for ☐ pretrial ☐ trial ☐ status ☒ case management

IT IS HEREBY ORDERED that this cause be and the same is hereby dismissed for want of prosecution.

JUDGE MARTIN S. AGRAN

MAY 28 2004

Circuit Court - 1630

**ENTERED:**

**DATE:** _____

_____
Judge                    Judge's No.

(Please print.)

Preparing Atty's No.: _____

Preparing Atty's Name: _____

Preparing Atty's Firm: _____

Atty. for: _____

Address: _____

City/State/Zip: _____

Telephone: _____

EX. D

DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY ILLINOIS
ORIGINAL - COURT FILE

**WARRANTY DEED**
**Statutory (Illinois)**

Doc#: 0503411460
Eugene "Gene" Moore Fee: $28.00
Cook County Recorder of Deeds
Date: 02/03/2005 01:35 PM Pg: 1 of 3

MAIL TO: John CClAno
10277 W. Lincoln Hwy
Frankfort IL 60423.
Name & Address of Taxpayer
Rosland D. Nelson
20917 Corinth Road
Olympia Fields IL 60461

**THE GRANTOR(S) KEITH EENIGENBURG**, a married man, of the Village of Olympia Fields,
County of Cook State of Illinois for and in consideration of
TEN AND NO/100---------------- DOLLARS and other good and valuable considerations in hand paid.

**CONVEY AND WARRANT TO: ROSILAND ℝ NELSON**, of the City of Calumet, County of
Cook, State of Illinois, all interest in the following described Real Estate in the County of Cook, in
the State of Illinois, to wit:

SEE ATTACHED

SUBJECT TO: building lines and building laws and ordinances, use or occupancy restrictions,
conditions and covenants of record; zoning laws and ordinances; public and utility easements which
serve the premises; public roads and highways, if any; and general real estate taxes for the years 2004
and subsequent years;

hereby releasing and waiving all rights under and by virtue of the Homestead Exemption Laws of the
State of Illinois, to have and to hold, forever.

**P.N.T.N.**

Permanent Index Number(s) 31-24-204-011-0000
Address of Property: 20917 CORINTH RD., OLYMPIA FIELDS, IL 60461
DATED this 16 day of December 2004

_____(SEAL)
**KEITH EENIGENBURG**

* This is not Homestead property

3KD



| STATE OF ILLINOIS | | REAL ESTATE TRANSFER TAX | | COOK COUNTY REAL ESTATE TRANSACTION TAX | | REAL ESTATE TRANSFER TAX |
|---|---|---|---|---|---|---|
| JAN.21.05 | 0000039047 | 0024000 | | JAN.21.05 | 0000009158 | 0012000 |
| REAL ESTATE TRANSFER TAX DEPARTMENT OF REVENUE | # | FP 103021 | | | # | FP 103025 |

EX E1

**STATE OF ILLINOIS**          )
                               ) SS
**COUNTY OF COOK**             )

      I, the undersigned, a **NOTARY PUBLIC** in and for said County, in the State aforesaid, **DO HEREBY CERTIFY** that **KEITH EENIGENBURG**, a married man, whose name is subscribed to the foregoing instrument, appeared before me this day in person, and acknowledged that they sealed and delivered the said instrument as his free and voluntary act, for the uses and purposes therein set forth.

**GIVEN UNDER MY HAND AND NOTARIAL SEAL,** this $6$ day of December, 2004.

                                **NOTARY PUBLIC**

My commission expires  _____

IMPRESS SEAL HERE:

> OFFICIAL SEAL
> SHARON A. ZOGAS
> NOTARY PUBLIC STATE OF ILLINOIS
> MY COMMISSION EXP. AUG. 1, 2005

NAME AND ADDRESS OF PREPARER:

COUNTY-ILLINOIS TRANSFER STAMPS
EXEMPT UNDER PROVISIONS OF
PARAGRAPH  E , SECTION 4,
OF REAL ESTATE TRANSFER TAX ACT.

Sharon A. Zogas, Atty. at Law
10020 South Western Avenue
Chicago, IL 60643

               (DATE)

Buyer, Seller or Representative

EX. E2

LOT 11 IN BLOCK 4 IN ATHENIA PARK, BEING A SUBDIVISION OF THE
NORTHEAST 1/4 OF SECTION 24, TOWNSHIP 35 NORTH, RANGE 13, EAST OF THE
THIRD PRINCIPAL MERIDIAN EXCEPTING THE EAST 22.5 ACRES OF THE NORTH
45 ACRES THEREOF AND ALSO EXCEPTING THEREFROM THE FOLLOWING
DESCRIBED TRACT: COMMENCING AT THE SOUTHEAST CORNER OF THE ABOVE
SAID 45 ACRES, THENCE SOUTH ALONG THE EAST LINE OF SAID SECTION 24, 330
FEET, THENCE WEST TO THE WEST LINE OF THE EAST 1/2 OF THE NORTHEAST
1/4 OF SAID SECTION, THENCE NORTH 330 FEET TO THE SOUTH LINE OF THE
SAID 45 ACRES, THENCE EAST ALONG THE SAID SOUTH LINE TO THE PLACE OF
BEGINNING, IN COOK COUNTY, ILLINOIS.

EX. E3

# Federal Reserve Release

*H.2*

# Actions of the Board, Its Staff, and the Federal Reserve Banks; Applications and Reports Received

*No. 7*

*Week Ending February 18, 2006*

## Bank Holding Companies

New York

> HSH Nordbank AG, Hamburg, Germany -- to engage de novo through its
> subsidiary, HSH N Financial Securities LLC, New York, New York, in providing
> agency transactional services for customer investments.
> - Approved, February 14, 2006

New York

> Park Avenue Bancorp, Inc., New York, New York -- to become a bank holding
> company and to acquire 80.1 percent of the shares of Park Avenue Bank.
> - Approved, February 14, 2006

## Bank Mergers

Secretary

> East West Bank, San Marino, California -- to merge with Standard Bank, Monterey
> Park, and thereby establish branches.
> - Approved, February 16, 2006

Chicago

> First Midwest Bancorp, Inc., Itasca, Illinois -- to acquire Bank Calumet, Inc.,
> Hammond, Indiana, and Bank Calumet, National Association; and for First Midwest
> Bank, Itasca, Illinois, to merge with Bank Calumet, National Association,
> Hammond, Indiana, and thereby establish branches.
> - Approved, February 16, 2006

## Banks, National

Richmond

> Bank of America, National Association, Charlotte, North Carolina -- to establish a
> bank service company to engage in leasing activities.
> - Approved, February 17, 2006

## Change In Bank Control

Chicago

> Rochester State Bankshares, Inc., Rochester, Illinois -- to retain control of Rochester
> State Bankshares, Inc.
> - Permitted, February 16, 2006

---

(AC) = Addition or Correction

EX. F2

AGREEMENT AND PLAN OF MERGER

BY AND BETWEEN

FIRST MIDWEST BANK

AND

BANK CALUMET, NATIONAL ASSOCIATION

UNDER THE CHARTER AND TITLE OF

FIRST MIDWEST BANK

DATED AS OF [_____], 2006

EX. G1

made by and between FIRST MIDWEST BANK ("*First Midwest*"), a banking corporation organized under the laws of the State of Illinois, being located at [**One Pierce Place, Suite 1500, Itasca, Illinois 60143**], with a capital of [**$327,669,000**], divided into [**4,000,000**] shares of common stock, each of [**$10.00**] par value, and additional paid in capital of [**$287,669,000**] as of [**September 30, 2005**] and BANK CALUMET, NATIONAL ASSOCIATION ("*Calumet Bank*"), a banking association organized under the laws of the United States of America, having its main office located at [**5231 Hohman Avenue, Hammond, Indiana 46325**] with a capital of [**$2,000,000**] divided into [**2,000,000**] shares of common stock, each of [**$1.00**] par value, and additional paid in capital of [**$17,490,000**], as of [**September 30, 2005**] (the "*Target*"). First Midwest and Calumet Bank may sometimes be referred to herein collectively as the "*Constituent Entities*." Each of the Constituent Entities acting pursuant to a resolution of its respective board of directors, duly adopted by the vote of a majority of its respective directors, pursuant to the authority given by and in accordance with the applicable provisions of the laws of the United States of America and the laws of the State of Illinois (hereinafter collectively referred to as "*Applicable Law*"), witnessed as follows:

SECTION 1. MERGER.

At the Effective Time (as defined below), the Target shall be merged with and into First Midwest under the charter of First Midwest in accordance with Applicable Law (the "*Merger*"), with First Midwest being the surviving bank ("*Resulting Bank*") and the separate existence of the Target shall cease. Each of the Target and First Midwest shall execute and deliver to such persons or file with such authorities all documents and other instruments required by Applicable Law to effect the Merger. The Merger shall become effective as of the close of business on [**May 12, 2006**] at the close of business and shall be hereinafter referred to as the "*Effective Time.*"

SECTION 2. SHAREHOLDERS.

As of the date hereof and immediately prior to the Effective Time, First Midwest Bancorp, Inc., a Delaware corporation, is the sole shareholder of Calumet Bank and First Midwest.

SECTION 3. NAME OF RESULTING BANK.

At and after the Effective Time, the name of Resulting Bank shall be "First Midwest Bank".

SECTION 4. BUSINESS OF RESULTING BANK.

At the Effective Time, the business of Resulting Bank shall be that of an Illinois banking corporation. This business shall be conducted by Resulting Bank at [**One Pierce Place, Suite 1500, Itasca, Illinois 60143**], and at its legally established branches.

EX. G2

At the Effective Time, the amount of capital stock of Resulting Bank shall be [**$40,000,000**], divided into [**4,000,000**] shares of common stock, each of [**$10.00**] par value, and at the Effective Time, Resulting Bank shall have additional paid in capital of [**$581,804,000**].

SECTION 6.     EFFECT OF MERGER.

At the Effective Time, all assets of the Target as they exist at the Effective Time shall pass to and vest in Resulting Bank without any conveyance or other transfer. Resulting Bank shall be responsible for all of the liabilities of every kind and description, including liabilities arising from the exercise of trust powers, of the Target existing as of the Effective Time.

SECTION 7.     CONVERSION OF STOCK.

At the Effective Time, each of the issued and outstanding shares of the common stock, [**$10.00**] par value, of First Midwest shall remain issued and outstanding as shares of Resulting Bank and each of the issued and outstanding shares of common stock, [**$1.00**] par value, of the Target shall be cancelled.

[SECTION 8.     OPERATIONS COVENANT.

**The Target shall not dispose of any of its assets in any other manner, except in the normal course of business and for adequate value.**]

SECTION 9.     CHARTER.

At the Effective Time, the Charter of First Midwest shall remain the same and shall be the Charter of Resulting Bank after the Effective Time until amended in accordance with the provisions thereof and Applicable Law.

SECTION 10.     BYLAWS.

At the Effective Time, the Bylaws of First Midwest shall remain the same and shall be the Bylaws of Resulting Bank after the Effective Time until amended in accordance with the provisions thereof and Applicable Law.

SECTION 11.     PRO-FORMA FINANCIAL STATEMENTS.

Detailed pro-forma financial statements of Resulting Bank are attached as Exhibit A hereto.

EX. G3

*Section 12.1. Commissioner Approval.* This Agreement is subject to approval by the Commissioner of Banks and Real Estate (the *"Commissioner"*). Whether this Agreement is approved or disapproved, the Constituent Entities will be responsible for paying the Commissioner's expenses of examination incurred in connection with the Merger.

*Section 12.2. Shareholder Approval.* This Agreement shall be ratified and confirmed by the affirmative vote of the respective holders of the capital stock of each of the Constituent Entities owning at least two-thirds of the outstanding capital stock, at a meeting to be held on the call of each Constituent Entities' respective directors.

SECTION 13.    TERMINATION.

This Agreement may be terminated by the unilateral action of the board of directors of the Target prior to the approval of this Agreement by the holders of the capital stock of the Target or at any time prior to the Effective Time by the mutual consent of the board of directors of the Constituent Entities.

[THE REMAINDER OF THIS PAGE WAS INTENTIONALLY LEFT BLANK.]

IN WITNESS WHEREOF, each of the Constituent Entities has caused this Agreement to be executed by a duly authorized officer as of the date first written above.

FIRST MIDWEST BANK

By _____
Name _____
Title _____

STATE OF ILLINOIS )
                 ) SS
COUNTY OF _____ )

On this _____ day of _____, 200__ before me, a notary public for this state and county, personally came _____, as _____, of _____, and each in his/her capacity acknowledged this instrument to be the act and deed of the association.

WITNESS my official seal and signature this day and year.

(SEAL OF NOTARY)

_____
Notary Public, _____ County.
My Commission Expires: _____

By _____

    Name_____

    Title_____

STATE OF ILLINOIS   )

                   ) SS

COUNTY OF _____ )

On this _____ day of _____, 200__ before me, a notary public for this state and county, personally came _____, as _____, of _____, and each in his/her capacity acknowledged this instrument to be the act and deed of the association.

WITNESS my official seal and signature this day and year.

(SEAL OF NOTARY)

_____
Notary Public, _____ County.
My Commission Expires: _____