UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LUCKETT,<br><br>  Plaintiff,<br><br>v.<br><br>FIRST MIDWEST BANK,<br><br>  Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | 08 C 1501<br><br>JUDGE CASTILLO<br><br>MAGISTRATE BROWN |

**DEFENDANT FIRST MIDWEST BANK'S MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS FOR LACK OF SUBJECT-MATTER JURISDICTION**

**INTRODUCTION**

This action arises from Plaintiffs' claim that Bank Calumet, N.A., in its capacity as Administrator of the Estate, abused its fiduciary duties by failing to sell certain real estate at its fair market value and failing to account to Plaintiffs for any of the said sale proceeds. Plaintiffs bring their lawsuit against First Midwest Bank because after the sale of the aforementioned real estate, Bank Calumet, N.A. merged with and into First Midwest Bank ("First Midwest"), with First Midwest being the surviving entity.

Although Plaintiffs' claim against First Midwest for abuse of fiduciary duty rests soundly in Illinois state law, Plaintiffs filed their amended complaint ("Amended Complaint") in the Northern District of Illinois claiming that 28 U.S.C. §§ 1331 & 1337(a) supply the necessary subject-matter jurisdiction. Plaintiffs are wrong and their complaint should be dismissed for lack of subject-matter jurisdiction.

## STATEMENT OF COMPLIANCE WITH STANDING ORDERS

As per this Court's Standing Orders, counsels for First Midwest and Plaintiffs have exchanged several written correspondences and have engaged in numerous telephone conferences in an attempt to resolve this issue. Unfortunately, our resolution attempts have proven unsuccessful.

## BACKGROUND

### A.    The Property

On or about December 31, 1996, L.T. Hutton and Mary L. Hutton (collectively, "The Huttons") purchased certain real estate located at 20917 Corinth Road in Olympia Fields, Illinois (hereinafter, "The Property"). (Am. Compl. ¶ 5.) The Huttons purchased The Property for $125,000. (Id.) Bank Calumet, N.A. held the mortgage to The Property. (Id.) The Huttons executed a second mortgage on December 4, 1998. (Am. Compl. ¶ 7.)

On March 18, 2002, Mary L. Hutton died. (Am. Compl. ¶ 8.) On November 21, 2002, Bank Calumet, N.A. filed its foreclosure action in the Circuit Court of Cook County against the Huttons on both of the aforementioned mortgages. (Am. Compl. ¶ 9.) Thereafter, on December 3, 2002, L.T. Hutton died. (Am. Compl. ¶ 10.)

On September 3, 2003, Bank Calumet, N.A.'s petition for the issuance of letters of administration of the estate of L.T. Hutton in the Probate Division of the Circuit Court of County was granted. (Am. Compl. ¶¶ 11 & 12.)

On March 30, 2004, Bank Calumet, N.A., as Administrator of the Estate of L.T. Hutton, sold The Property, via an Administrator's Deed, to Keith Eenigenburg ("Eenigenburg") for $160,000. (Am. Compl. ¶ 14.)

On December 16, 2004, nearly a year later, Eenigenburg sold The Property to Rosalind Nelson ("Nelson") for $240,000. (Am. Comp. ¶ 19.)

### B. First Midwest's Acquisition Of Bank Calumet, N.A.

On or about May 12, 2006, First Midwest, a banking corporation organized under the laws of the State of Illinois merged with Bank Calumet, N.A., a national banking association, with First Midwest being the surviving entity. (Am. Compl. ¶¶ 3 & 23; Ex. G2.) The Agreement and Plan of Merger ("Merger Agreement") between First Midwest and Bank Calumet, N.A. contains a provision addressing First Midwest's assumption of liabilities. (Am. Compl. ¶ 23; Ex. G3.) The provision states in relevant part: "[First Midwest] shall be responsible for all of the liabilities of every kind and description, including liabilities arising from the exercise of trust powers, of [Bank Calumet, N.A.] existing as of the [time of the merger]." (Ex. G3.)

### C. The Plaintiffs' Allegations

The Plaintiffs in this case claim to be the rightful heirs of The Huttons. (Am. Compl. ¶¶ 3, 13 & 21.) The Plaintiffs have brought suit based on their claim that when Bank Calumet, N.A. sold The Property to Eenigenburg for $160,000, the actual fair market value for The Property was $240,000. (Am. Compl. ¶¶ 14, 15 & 21.) According to the Amended Complaint, Plaintiffs allege that Bank Calumet, N.A., as the Administrator of the Estate of L.T. Hutton, had a fiduciary duty of fidelity, good faith and undivided loyalty to the heirs of L.T. Hutton and, was required to act in the best interests of said heirs. (Am. Compl. ¶ 13.) Plaintiffs claim that Bank Calumet, N.A. breached this fiduciary duty by selling The Property to Eenigenburg for less than its fair market value. (Am. Compl. ¶ 21.) Plaintiffs also claim that Bank Calumet, N.A.

breached its fiduciary duties by failing to account to the Plaintiffs for any money received from the sale to Eenigenburg. (Am. Compl. ¶¶ 20 & 21.)

### D.   Plaintiffs' Basis For Federal Court Jurisdiction Under §§1331 & 1337

Plaintiffs argue that this case is properly in federal court because of the merger between First Midwest and Bank Calumet, N.A. According to Plaintiffs, federal subject-matter jurisdiction is proper here because First Midwest's liability is created by, and therefore their claim arises under, the National Banking Act, 12 U.S.C. §§ 215, et. seq. (the "NBA"), which Plaintiffs allege make First Midwest responsible for all liabilities of Bank Calumet, N.A.

However, §§ 215, et. seq. deal only with the specifics of how a merger between banks should be conducted and what should be included in their merger agreement. It **does not**, however, provide Plaintiffs with a claim or remedy for abuse of fiduciary duty. First Midwest's alleged liability for abuse of fiduciary duty, the only claim in the Amended Complaint, is "created" by state law. Since Plaintiffs' alleged right to relief is predicated entirely on a state law claim, Plaintiffs' Amended Complaint should be dismissed for lack of subject-matter jurisdiction.

## STANDARD OF REVIEW

When reviewing a 12(b)(1) motion raising a facial attack to the sufficiency of the jurisdictional allegations, the motion is analyzed similar to that of a 12(b)(6) motion, and the court is required to only accept as true the well-pleaded allegations in the complaint. *United Phosphorous, Ltd. v. Angus Chemical Co.*, 322 F.3d 942, 946 (7th Cir. 2003); *Rizzi v. Calumet City*, 11 F. Supp. 2d 994, 995 (N.D. Ill 1998). In order to withstand a 12(b)(1) facial attack, a federal question must appear on the face of Plaintiffs' well-pleaded complaint. *American INVS-CO Countryside v. Riverdale Bank*, 596 F.2d 211, 216 (7th Cir. 1979). The Plaintiffs bear the burden of convincing the court that subject-matter jurisdiction exists. *United Phosphorous, Ltd.*,

322 F.3d at 946. Dismissal is proper if it appears beyond doubt that the Plaintiffs cannot prove any set of facts in support of their claim which would entitle them to relief. *State Farm Ins. Co. v. United States*, 6 F. Supp. 2d 985, 986 (N.D. Ill. 1998).

## ARGUMENT

Plaintiffs incorrectly allege that federal jurisdiction exists over their abuse of fiduciary duty claim under §§1331 and 1337 because when First Midwest merged with Bank Calumet, N.A. it assumed all the liabilities of Bank Calumet, N.A. pursuant to §§215a, et. seq. of the NBA. Plaintiffs, thus allege that their claim *arises* under the NBA. However, a read of the four-corners of Plaintiffs' Amended Complaint reveals that the Plaintiffs have neither taken any issue with nor have they challenged any specific provision of the NBA such that Plaintiffs' claims actually *arise* under the NBA.

Many federal courts have addressed the issue of when a claim arises under a federal statute. The Northern District has held that "[b]efore an action can be viewed as having risen under a federal enactment, however, it must be clear from the face of the complaint that, **as to the claim stated**, the plaintiffs' right to a remedy is one either founded upon or the product of federal law." *Home Savings and Loan Assoc. of Joliet v. Issac & Assocs.*, 496 F. Supp. 831, 836 (N.D. Ill. 1980) (emphasis added) (no § 1337 federal jurisdiction where plaintiff claimed that their cause of action arose under the National Housing Act ("NHA"), but they failed to show that their right to relief was in any way founded upon or dependent upon the NHA).

Thus, it is not enough to allege that a cause of action arises under a particular federal statute, instead the Northern District has determined that in order to establish a right to relief under a federal statute, the plaintiffs' must allege either that the defendants violated a relevant provision of the federal statute, or that said provision was in some way unconstitutional. *Id.*

Similarly, the Seventh Circuit has refused to find jurisdiction under §1337 where a plaintiff alleged that its claim arose under the FHA, but its allegations failed to show that the dispute either challenged a specific provision of the FHA or implicated an interest of the FHA. *American INVS-CO Countryside v. Riverdale Bank*, 596 F.2d 211, 218 (7th Cir. 1979) (no 1331 or 1337 federal jurisdiction where despite plaintiff's allegations that a resort to federal common law was necessary to determine the meaning and effect of an FHA agreement, the court found that the dispute did not challenge the interest of the FHA since the FHA's interest in the real estate was <u>unquestioned</u>, and the allegations revealed that the actual dispute was based entirely in state law claims) (emphasis added).

Like the plaintiff's complaint in *American INVS-CO Countryside*, Plaintiffs' Amended Complaint here fails to challenge any aspect of First Midwest's assumption of liabilities under the NBA.[1] Moreover, their allegations demonstrate that their actual dispute, which centers around the sale of The Property, is based entirely in state law.

Additionally, just as in *Home Savings and Loan Assoc.*, Plaintiffs fail to allege that First Midwest either violated the stated provision or that the stated provision is in some way unconstitutional. On the contrary, Plaintiffs' entire right to relief arises solely from Plaintiffs' allegations that Bank Calumet N.A. breached its fiduciary duty as the Administrator of the Estate of L.T. Hutton. Plaintiffs' allegations focus entirely on Bank Calumet N.A.'s alleged actions or inactions with respect to the sale of the Property. Thus, Plaintiffs' right to relief is based on an alleged violation of state law, and not a violation of any provision under the NBA. Therefore, subject-matter jurisdiction does not exists.

---

[1] In fact, the allegations of the Amended Complaint and the Merger Agreement attached thereto show that First Midwest's assumption of liabilities are, in fact, unquestioned since the Merger Agreement states that First Midwest will assume all liabilities of Bank Calumet, N.A. (Am. Compl. ¶23; Ex. G3).

Plaintiffs may argue that federal court jurisdiction exists simply because of the allegation that the stated NBA provisions apply to the First Midwest/Bank Calumet N.A. merger, thus involving the NBA in the case. But this argument must fail as well. The fact that a provision of a federal statute may be involved in a case is **not** sufficient to confer federal court jurisdiction. Indeed, federal courts have specifically held that "merely because an Act of Congress regulating commerce may be involved in the case is not enough to raise federal court jurisdiction." *Gensplit Finance Corp. v. Foreign Credit Ins. Ass.*, 616 F. Supp. 1504, 1508 (D.C. Wis. 1985) (refusing to find federal jurisdiction under either sections 1331 or 1337(a) because the alleged federal statute was not the foundation or source of plaintiff's claim, and instead finding that the source of plaintiff's claim was the insurance contract at issue); see also, *State of Iowa v. First of Omaha Serv. Corp. of Omaha, Nebraska*, 401 F. Supp. 439, 443 (D.C. Iowa 1975) (refusing to extend 1337(a) federal court jurisdiction to case purportedly brought under the NBA where the suit was not directly based on the claimed NBA provisions, and instead it was found that the basic cause of action was grounded in state substantive law).

Rather, federal courts have determined that if the federal laws involved are not an essential element of the plaintiff's cause of action and do not afford the plaintiff a remedy, there can be no jurisdiction under either §1331 or §1337. *Baker v. Northland Mortg. Co.*, 344 F. Supp. 1385, 1386 (N.D. Ill. 1972) (finding no federal jurisdiction because federal law involved was not an essential element of Plaintiffs' claim where the federal statute relied upon as giving rise to Plaintiffs' cause of action was merely a statute governing relations between the mortgagee and the government, and gave the mortgagors no claim to a duty owed nor remedy); see also *Artoe v. Belmont National Bank*, No. 91 C 4701, 1991 WL 255508, at *3 (N.D. Ill. Nov. 22, 1991);

*Peoria and Pekin Union Railway Co. v. Chicago and North Western Transp. Co.*, 446 F. Supp. 1115, 1119 (S.D. Ill. 1978).

In this case, the NBA provision relied on by Plaintiffs is merely a provision governing the conduct of merging banks and the specifics of what should be included in their merger agreements. The provision does not however provide Plaintiffs with either a right to relief for abuse of fiduciary duty nor a remedy for abuse of fiduciary duty. Like *Baker*, the stated provision under the NBA is not an essential element of Plaintiffs' cause of action and does not afford the Plaintiffs any remedy for their cause of action. Therefore, no subject-matter jurisdiction exists under either §§1331 or 1337. Accordingly, Plaintiffs' Amended Complaint must be dismissed with prejudice.

## CONCLUSION

For the foregoing reasons, First Midwest Bank respectfully requests that this Court dismiss Plaintiffs' Amended Complaint for lack of subject-matter jurisdiction and for such other and further relief as this Court deems just and proper.

DATED: April 30, 2008                                        Respectfully submitted,

/s/ Angela Stinson-Marti
One of the Defendant's Attorneys

Craig White (#2999668)
Angela Stinson-Marti (#6279869)
WILDMAN, HARROLD, ALLEN & DIXON LLP
225 West Wacker Drive, Suite 2800
Chicago, IL 60606-1229
Phone: (312) 201-2637
Facsimile: (312) 201-2555

## CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certifies that on April 30, 2008, a copy of the foregoing DEFENDANT FIRST MIDWEST BANK'S MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS FOR LACK OF SUBJECT-MATTER JURISDICTION, was electronically filed with the Clerk of the Court of the United States District Court for the Northern District of Illinois, Eastern Division, using the CM/ECF System, which will send notification of such filing to all counsel of record.

                                                    /s/ Angela Stinson-Marti