UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

CHARLOTTE LUCKETT, et al,          )
    Plaintiffs,                )
                              )    08 C 1501
        vs.                     )
                              )    Judge Castillo
FIRST MIDWEST BANK,                )
    Defendant.                 )

PLAINTIFFS' MEMORANDUM IN SUPPORT OF THEIR MOTION TO
RECONSIDER THE DISMISSAL FOR LACK OF SUBJECT-MATTER JURISDICTION

STATEMENT AS TO CONSULTATION

As mentioned in the motion to dismiss, the parties had extensive telephonic and written discussion of the merits of the motion to dismiss. The substance of this memorandum was conveyed in writing to FMB's attorney prior to the filing of the motion to dismiss. Plaintiffs therefore believe they have complied with the substance and the spirit of the court's requirement that the parties consult prior to the filing of any motions.

ARGUMENT

The dismissal for lack of subject-matter jurisdiction is erroneous because: (1) Federal law makes FMB responsible for "all liabilities" of Bank Calumet, and (2) 28 U.S.C. Secs. 1331 and 1337(a) expressly countenance subject-matter jurisdiction.

I

FEDERAL LAW MAKES FMB RESPONSIBLE FOR "ALL LIABILITIES" OF
BANK CALUMET

FMB's contention that Federal law does not create its liability is erroneous. Bank Calumet's liability is admittedly created by state law. However -- and this is the key -- Federal law

1

requires a merger agreement between an "out-of-state bank" (FMB, an Illinois bank) and a national bank (Bank Calumet, N.A., an Indiana bank), to state that the resultant bank (FMB) is responsible for "all liabilities" of the merged bank.

Plaintiffs' case is premised upon 12 U.S.C. Secs. 215a(a) (4) and 215a-1. Sec. 215a(a)(4) requires the merger agreement to

> provide that the receiving association shall
> be liable for all liabilities of the association or state bank being merged into the
> receiving association.

Sec. 215a(a)(4) is made applicable to a merger between a national bank and an out-of-state bank by Sec. 215a-1:

> A national bank may engage in a consolidation or merger <u>under this subchapter</u> with an out-of-State bank if the consolidation or merger is approved pursuant to section 1831u of this title.[1] (emphasis added)

The words "under this subchapter" can only mean that Sec. 215a(a)(4) must be read with and is part and parcel of Sec. 215a-1. Both are in Subchapter XVI of Chapter 2 of the National Banking Act. Pursuant to the plain language and express mention, implied exclusion rules of statutory construction, <u>Dodd vs.</u>

---

[1] The merger between Bank Calumet, N.A. and FMB was approved by the Federal Reserve Board pursuant to 12 U.S.C. Sec. 1831u(a) (1),(g)(10) and (g)(11) and 12 U.S.C. Sec. 1828(c)(2)(B). See pars.4,6,22 and 23 of the first amended complaint. FMB's motion does not contend otherwise.

U.S., 545 U.S. 353, 359, 125 S.Ct. 2478, 2483, 162 L.Ed.2d 343
(2005); In re Globe Building Materials, Inc., 463 F.3d 631, 635
(7th Cir. 2006), the words "all liabilities" mean exactly that.
Congress could have easily excluded any "liabilities" created by
state law from Sec. 215a(a)(4). It did not. Therefore, FMB has
no basis to con-tend that a liability of the merged bank which
is created by state law is exempt from Sec. 215a(a)(4).

FMB is wrong when it contends in fn.1 of its memo that its
liability is "unquestioned" because "the merger agreement states
that (it) will assume all liabilities of Bank Calumet, N.A.
Secs. 215a(a)(4) and 215a-1 REQUIRE it to "assume all liabili-
ties of Bank Calumet, N.A." In the absence of these statutes,
FMB would have no compulsion to do so. FMB cannot argue that
Federal law requires the "all liabilities" language to be in-
cluded in a merger agreement but does not make the resultant
bank responsible for "all liabilities" of the merged bank. In
the absence of these statutes, it is obvious that FMB would not
have assumed Bank Calumet's liabilities out of altruism.

II

SUBJECT-MATTER JURISDICTION EXISTS PURSUANT TO 28 U.S.C SECS.
1337(a) and 1331

A

28 U.S.C. SEC. 1337(a)

Sec. 1337(a) subject-matter jurisdiction exists for suits
brought pursuant to sections of Title 12 which is a law regulat-
ing commerce for the purposes of Sec. 1337(a). In People ex rel

3

Bowman vs. Home Federal Savings and Loan Association. 521 F.2d 704 at 706 n.4 (7th Cir. 1975), the Seventh Circuit stated:

> The National Bank Act, 12 U.S.C. Sec. 1 et seq, has ... been held to be an act regulating commerce for the purposes of Sec. 1337 jurisdiction.

Accord, Fisher vs. First National Bank of Chicago, 538 F.2d 1284, 1285 (7th Cir. 1976)[2]. The other circuits have held that Sec. 1337(a) affords a jurisdictional basis for suits brought under various sections of Title 12. Cupo vs. Community National Bank, 438 F.2d 108, 109 (2d Cir. 1971); Partain vs. First National Bank of Montgomery, 467 F.2d 167, 172 (5th Cir. 1972); Burns vs. American National Bank, 479 F.2d 26, 29-30 (8th Cir. 1973) (en banc); Durkin vs. National Bank of Olyphant, 772 F.2d 55, 57-58 (3d Cir. 1985). FMB has not shown why 12 U.S.C. Secs. 215a(a)(4) and 215a-1 should be treated any differently for Sec. 1337(a) purposes than the sections of Title 12 which were at issue in the above cases, particularly as Sec. 215a-1 and this case concern interstate bank mergers.

B

28 U.S.C. SEC. 1331

Contrary to FMB's contention, Federal law does not have to provide the sole basis of liability in a Federal question case. Sec. 1331 subject-matter jurisdiction exists if the case only

---

[2] Overruled on other grounds, Citizens and Southern National Bank vs. Bougas, 434 U.S. 35, 98 S.Ct. 88, 54 L.Ed.2d 218 (1977).

4

presents "'''a substantial question of Federal law.'''" In <u>City of</u>
<u>Chicago vs. International College of Surgeons</u>, 522 U.S. 156, 118
S.Ct. 523, 139 L.Ed.2d 525 (1997), which involved a state law
administrative review case where the plaintiffs raised Federal
constitutional issues which allowed removal to Federal court,
the Supreme Court found Sec. 1331 jurisdiction. The Supreme
Court's reasoning is equally applicable here:

> "(e)ven though state law creates (a party's)
> cause of action, its case might still 'arise
> under' the laws of the United States if a
> well-pleaded complaint established that its
> right to relief under state law requires
> resolution of a substantial question of fed-
> eral law."

Also:

> case(s) arise() under federal law when "fed-
> eral law creates the cause of action or ...
> the plaintiff's right of relief necessarily
> depends on resolution of a substantial ques-
> tion of federal law."

Also:

> federal question exists when a "right ...
> created by the ... laws of the United States
> (is) an element, and an essential one, of
> the plaintiff's cause of action."

522 U.S. at 164, 118 S.Ct. at 529.

Similarly, Grable and Sons Metal Products, Inc. vs. Darue Engineering and Mfg., 545 U.S. 308, 125 S.Ct. 2363, 162 L.Ed.2d 257 (2005), allowed a state law quiet title action which required adjudication of a section of the Internal Revenue Code to be removed to Federal court and heard there pursuant to the subject-matter jurisdiction afforded by Sec. 1331.

Thus, we have two recent Supreme Court decisions which hold that Federal courts have Sec. 1331 subject-matter jurisdiction of state law claims which present "substantial" issues of Federal law. The guiding principle of these two cases is equally applicable here. Because of the "all liabilities" language of Sec. 215a(a)(4), made applicable to the facts of this case by Sec. 215a-1, Federal law, in the words of International College of Surgeons, "creates the cause of action" against FMB and is "a necessary element of the plaintiff's claim for relief."

FMB contends that Plaintiffs' "only" claim against it "is a state law abuse of fiduciary duty claim" (Motion, par.3) and "Plaintiffs' entire right to relief arises solely from (the) allegations that Bank Calumet, N.A. breached its fiduciary duty ..." (Mem., P.6). These contentions conveniently ignore the fact that state law only creates the means to determine the liability of Bank Calumet. As shown in Argument I, supra, FMB's responsibility for that liability is created by 12 U.S.C. Secs. 215a(a)(4) and 215a-1. Proof of Bank Calumet's violation of fiduciary duty by use of state law does not entitle Plaintiffs to a judgment: they must also establish FMB's liability for that breach.

6

Secs. 215a(a)(4) and 215a-1 enable them to do so. Therefore, to
borrow the language and result of International College of Sur-
geons, because of Secs. 215a (a)(4) and 215a-1, Federal law is
an "element, and an essential one", of Plaintiffs' case and "a
substantial question of Federal law" is present here.

    Indeed, FMB's contention that the action must be premised
entirely upon Federal law is contradicted by the Supreme Court.
The Supreme Court has said that state law may be used as a means
to adjudicate a Federal liability. In Atherton vs. F.D.I.C., 519
U.S. 213, 117 S.Ct. 666, 136 L.Ed.2d 656 (1997), state law was
used to determine the criteria for a breach of fiduciary claim
and other theories of liability in a cause of action based upon
Federal law. In Kamen vs. Kemper Financial Services, Inc., 500
U.S. 90, 111 S.Ct. 1711, 114 L.Ed.2d 152 (1991), state law was
used to determine the futility of a demand in a shareholders'
derivative action under the Investment Company Act. In U.S. vs.
Segal, 495 F.3d 826, 834 (7th Cir. 2007), the Seventh Circuit
said that "state laws are useful for defining the scope of fidu-
ciary duties" in a Federal criminal prosecution. Since Secs.
215a(a)(4) and 215a-1 create a Federal "liabilit(y)", state law
can be used consistent with Atherton, Kamen and Segal to deter-
mine the full scope of that "liabilit(y)."

    Regardless of whether this is a state law cause of action
which contains a "substantial" Federal claim as in Internation-
al College of Surgeons and Grable or whether it is a Federal
claim which requires use of state law for adjudication as in

Atherton and Kamen, the above decisions establish that this
court has Sec. 1331 subject-matter jurisdiction of it.

The fact that state law may provide a concurrent remedy is
irrelevant. "(T)he fact that a complaint also states a claim for
relief under state law or could be decided exclusively on state
law grounds does not necessarily negate the existence of a fed-
eral question." American Invs-Co Countryside, Inc. vs. Riverdale
Bank, 596 F.2d 211, 216 (7th Cir. 1979). International College
of Surgeons references the "'well-pleaded complaint rule'" in
holding that Sec. 1331 jurisdiction exists over state law claims
if the "'right to relief under state law requires resolution of
a substantial question of federal law.'" 522 U.S. at 163-164,
118 S.Ct. at 529. This is precisely the case here.

FMB argues at P.4 of its memorandum that Federal law does
not "provide Plaintiffs with a claim or remedy for abuse of fid-
uciary duty." On P.8 of its memorandum, FMB argues that there is
no Sec. 1331 jurisdiction because there is nothing in Title 12
which "afford(s) the Plaintiffs any remedy for their cause of
action." These contentions are vitiated by Grable.

In Grable, the District Court held "that Grable's lack of a
federal right of action to enforce its claim against Darue did
not bar the exercise of federal jurisdiction." 545 U.S. at 311,
125 S. Ct. at 2366. The Sixth Circuit affirmed the District
Court. The Supreme Court stated the issue as follows:

We granted certiorari on the jurisdictional
question alone ... to resolve a split within

8

the Courts of Appeals as to whether <u>Merrill</u>
<u>Dow Pharmaceuticals, Inc. vs. Thompson</u>, ...
always requires a federal cause of action as
a condition for exercising federal question
jurisdiction. We now affirm. 545 U.S. at
311-312, 125 S.Ct. at 2366.

By affirming, the Supreme Court rejected the premise of
FMB's motion: Plaintiffs' need to show a Federal remedy.

<u>Grable</u> echoes <u>International College of Surgeons</u>:

(I)n certain cases federal question juris-
diction will lie over state law claims that
implicate significant federal issues. ...
(A) federal court ought to be able to hear
claims recognized under state law that none-
theless turn on substantial questions of
federal law ... 545 U.S. at 312, 125 S.Ct.
at 2367.

<u>Grable</u> points out that not every state case which raises an
issue of Federal law can be heard in Federal court under Sec.
1331. The Federal issue must be "disputed and substantial" and
the suit must involve the "'validity, construction or effect'"
of Federal law. 545 U.S. at 314, 315 n.3, 125 S.Ct. at 2368,
2369 n.3. This case satisfies this criterion because FMB "dis-
pute(s)" whether it is liable under Secs. 215a(a)(4) and 215a-1.
On P.8 of the memo in support of FMB's motion, it argues that
"(t)he provision" of the National Banking Act at issue "does not

9

... provide Plaintiffs with either a right of relief for abuse of fiduciary duty nor a remedy for abuse of fiduciary duty." Such a contention requires this court to determine the "'construction (and) effect'" of Secs. 215a(a)(4) and 215a-1, i.e., whether or not they render FMB liable for Bank Calumet's breach of fiduciary duty. Therefore, this case involves a "substantial" issue of Federal law .

Although the Supreme Court has not specifically defined what a "substantial" issue of Federal law is, Plaintiffs submit from the tenor of International College of Surgeons and Grable that it is one which is "outcome determinative", i.e., one party wins and the other party loses depending upon how the court decides it. This court's decision as to whether Secs. 215a(a)(4) and 215a-1 does or does not render FMB liable here would be "outcome determinative" and, thus, "substantial." In other words, by questioning whether Plaintiffs have a Federal remedy, FMB has raised a "disputed and substantial" issue regarding the scope and effect of Secs. 215a(a)(4) and 215a-1. These subsections create a liability which would not exist in their absence and, consequently, they create a Federal cause of action within the intent of International College of Surgeons and Grable.

Grable requires the case to be such that exercise of Federal jurisdiction would not "disturb() any congressionally approved balance of federal and state judicial responsibilities." 545 U.S. at 314, 125 S.Ct. at 2368. In other words, Grable is concerned about state litigation of a particular issue flooding

10

the Federal courts. See 545 U.S. at 317-320, 125 S.Ct. at 2370-
2371. This concern is not present here because the issue pre-
sented here appears to be of first impression. Finding jurisdic-
tion here will not create a flood of similar cases: institution-
al fiduciaries are generally very careful about adhering to
their responsibilities.

"(T)he absence of a Federal private right of action" is
"relevant to, but not dispositive of" issues of Congressional
intent manifested in Sec. 1331. 545 U.S. at 318, 125 S.Ct. at
2370. There was no Federal "remedy" in <u>Grable</u>. Although <u>Grable</u>
speaks of how "quiet title actions" were "the subject of some of
the earliest exercises of federal-question jurisdiction over
state law claims," 545 U.S. at 315, 125 S.Ct. at 2368, it is ob-
vious from the tenor of the opinion that the result there would
have been the same if state law quiet title actions raising Fed-
eral issues were new to the Federal courts. There was no Federal
"remedy" available in <u>International College of Surgeons</u>, the ab-
sence of such a remedy was not an issue there and, thus, its ab-
sence should not be a decisive issue here.

<u>Grable</u> speaks of "(t)he meaning of the federal tax provi-
sion (as being) an important issue of federal law that sensibly
belongs in federal court." 545 U.S. at 315, 125 S.Ct. at 2368.
The same can be said for disputes, like this one, which raise
issues regarding sections of Title 12. It cannot be said that
issues about the National Banking Act are less deserving of a
Federal forum than are issues about the Internal Revenue Code.

FMB misstates the law. In paragraph 4 of its motion, it argues that, in the absence of "a violation of a federal statute, federal ... jurisdiction does not exist." On P.5 of its memorandum, FMB states that "Plaintiffs have neither taken any issue with nor have they challenged any specific provision of the NBA such that Plaintiffs' claims actually <u>arise</u> under the NBA." On P.6, FMB faults Plaintiffs for "fail(ing) to challenge any aspect of (FMB's) assumption of liabilities under the NBA." These contentions are contrary to <u>International College of Surgeons</u> and <u>Grable</u> which only require Plaintiffs to show that "'federal law creates the cause of action'", the Federal issue is "substantial" and is an "'essential'" "'element'" of that cause of action. Plaintiffs have done so by their citation of Secs. 215a (a)(4) and 215a-1.

FMB contends on P.5 of its memorandum that "it is not enough to allege that a cause of action arises under a particular statute" for 1331 jurisdiction to exist. This contention is incredible in light of the fact that Sec. 1331 specifically states that jurisdiction exists of "all civil actions <u>arising under</u> the ... laws ... of the United States" (emphasis added).

On PP.5 and 6 of its memo, FMB says that "plaintiffs must allege either that the defendants violated a relevant provision of the federal statute or that said provision was ... unconstitutional." This contention cannot stand in light of <u>Grable</u> where there was no allegation that the defendant "violated a relevant ... federal statute" and there was no constitutional issue.

12

On PP.7 and 8 of its memo, FMB states that there is no jur-
isdiction under Secs. 1331 and 1337 if federal law is "not an
essential element of the plaintiff's cause of action and do not
afford the plaintiff a remedy" and "the NBA is not an essential
element of Plaintiff's cause of action and does not afford the
Plaintiffs any remedy for their cause of action." Regarding the
"essential element", Argument I, <u>supra</u>, establishes that Secs.
215a(a)(4) and 215a-1 are "essential" to Plaintiffs' cause of
action because they create FMB's liability. Regarding the "rem-
edy", this contention is directly contrary to <u>Grable</u> and <u>Inter-
national College of Surgeons</u>.

The cases cited by FMB are not on point. In none of these
cases did the plaintiffs claim, as do the instant Plaintiffs,
that "liabilities" were imposed upon the defendants by a Federal
statute. In <u>Artoe</u>, 91 C 5293 did not seek relief pursuant to
Federal law and the plaintiff avoided Federal jurisdiction "by
exclusive reliance on state law." 1991 WL 255508 at 3. In <u>Gen-
split</u>, <u>Home Savings</u>, <u>Baker</u> and <u>Peoria and Pekin Union Railway</u>,
there was no Federal statute like Secs. 215a(a)(4) and 215a-1
which rendered the defendants liable to the plaintiffs. In <u>First
of Omaha</u>, suit was filed to enjoin imposition of finance charges
in excess of those allowed by state law. None of these cases are
even remotely relevant here. To the extent FMB relies on them,
they are contrary to <u>Grable</u> and <u>International College of Sur-
geons</u>.

CONCLUSION

For the foregoing reasons, Plaintiffs request this court to vacate the dismissal for lack of subject-matter jurisdiction.

Respectfully submitted,

/s/Robert Handelsman
_____

Terence J. Tyksinski                   Robert Handelsman
Suite 517                              Suite 1717
77 W. Washington St.                   77 W. Washington St.
Chicago, Ill. 60602                    Chicago, Ill. 60602
312-372-3525                           312-977-1600

Attys. for Plaintiffs

14