UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LUCKETT,<br><br>         Plaintiff,<br><br>v.<br><br>FIRST MIDWEST BANK,<br><br>         Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | 08 C 1501<br><br>JUDGE CASTILLO<br><br>MAGISTRATE BROWN |

**DEFENDANT FIRST MIDWEST BANK'S RESPONSE TO PLAINTIFFS' MOTION TO RECONSIDER THE DISMISSAL FOR LACK OF SUBJECT-MATTER JURISDICTION**

**INTRODUCTION**

Plaintiffs' allege that First Midwest Bank ("First Midwest") is liable for abuse of fiduciary duty for failure to sell certain real estate at its fair market value and for failing to account to Plaintiffs for any of the said sale proceeds. This Court correctly dismissed Plaintiffs' Amended Complaint for want of subject-matter jurisdiction because it found that Plaintiffs' claims were entirely state law claims--requiring absolutely no resolution of any federal issues. Plaintiffs now ask this Court to reconsider this ruling. However, Plaintiffs fail to offer a valid reason for this Court to revisit its prior ruling. Plaintiffs' motion to reconsider must be denied.

**STANDARD OF REVIEW**

It is improper on a motion for reconsideration to introduce new evidence or to set forth new legal theories or arguments previously available. *Bally Export Corp. v. Balicar, Ltd.*, 804 F.2d 398, 404 (7th Cir. 1986). Nor are movants permitted to use motions to reconsider merely for the purpose of re-arguing and re-hashing arguments made prior to the ruling. *In re Oil Spill by "Amoco Cadiz" Off the Coast of France On March 16, 1978*, 794 F.Supp. 261, 267 (N.D. Ill.

1992), aff'd, 4 F.3d 997 (7th Cir. 1993). Instead, motions for reconsideration are for the very limited purpose of directing the court's attention to any manifest errors of law or fact or to newly discovered evidence. *Mungongo v. Gonzales*, 479 F.3d 531, 534 (7th Cir. 2007). Thus, a motion to reconsider, which neither points the courts attention to manifest errors of law or fact nor presents newly discovered evidence should be denied. *Empalmado v. First Franklin Financial Corp.*, No. 01 C 1117, 2002 WL 193411, *2 (N.D. Ill. Feb. 7, 2002). Plaintiffs' Motion to Reconsider fails to satisfy these rigorous standards and, therefore, must be denied.

## ARGUMENT

### I. PLAINTIFFS' MOTION MUST BE DENIED BECAUSE IT FAILS TO MEET THE LEGAL STANDARD FOR RECONSIDERATION

Plaintiffs' motion does not identify any errors of fact or law or present any newly discovered evidence as required on a motion for reconsideration. Nor do Plaintiffs claim that this Court failed to consider a fact previously presented or show that this Court applied an incorrect legal standard. Instead, Plaintiffs merely put forth the same factual and legal theories previously argued to this Court. In fact, Plaintiffs' basic contention—that federal court jurisdiction is proper because the National Banking Act, 12 U.S.C. §§ 215, et. seq. (hereinafter, the "Act") requires First Midwest to assume the liabilities of Bank Calumet, N.A.—has already been considered **and** rejected by this Court.

Despite Plaintiffs' promises in open Court, Plaintiffs' cited cases fail to direct this Court's attention to any new controlling legal principles not already considered. Plaintiffs suggested in open Court that this Court relied on incorrect legal standards in making its decision and that Plaintiffs would reveal contradictory controlling case law. (Transcript of Proceedings, May 7, 2008, 2: 17-20.) However, Plaintiffs' have not revealed any contradictory cases. In fact, Plaintiffs' cases stand for (and apply in a similar fashion) virtually the same legal principles

1883732-1

2

already presented to and considered by this Court—i.e., that federal court jurisdiction will not lie if the federal laws involved are not an essential element of the Plaintiffs' cause of action. Indeed, after careful consideration of this legal principle and Plaintiffs' basic contention (as expressed above) this Court found that no federal court jurisdiction existed.

Plaintiffs argue that there is a "dispute" over a federal issue as a basis for reconsideration. (Plaintiffs' Motion for Reconsideration filed on 5/16/08, pgs. 9-10) (hereinafter, "Plaintiffs' Motion"). However, there is no <u>new</u> evidence offered for this claim, and there is no sufficient explanation given for Plaintiffs' failure to raise this issue previously. A motion for reconsideration is not the proper vehicle for introducing arguments previously available. *Bally Export Corp.*, 804 F.2d at 404; see also *Mungongo*, 479 F.3d at 535. This so-called "dispute" is nothing more than a creation by Plaintiffs as a last ditch effort to remain in federal court. Consequently, it is wholly improper.

Put simply, Plaintiffs' motion consists merely of arguments previously available and improper re-arguing and re-hashing of factual and legal theories already considered by this Court. Plaintiffs' motion should be denied for failing to meet the legal requirements for a valid motion for reconsideration.

## II. PLAINTIFFS FAIL TO MEET THE "SUBSTANTIAL AND CONTESTED" STANDARD SET OUT IN THEIR CITED CASES

Even if this Court finds that Plaintiffs meet the standard for reconsideration, Plaintiffs' motion should be denied on the merits because, as Plaintiffs clearly demonstrate, they fall short of meeting the legal standard for federal court jurisdiction as laid out by the Supreme Court.

As Plaintiffs' correctly state, the Supreme Court has held that federal court jurisdiction may lie over state law claims only when the state action presents both a "<u>**substantial and contested**</u>" federal issue. *Grable & Sons Metal Products, Inc. v. Darue Engineering & Mfg.*, 545

U.S. 308, 313 (2005) (finding federal court jurisdiction proper in state law quiet title action when the plaintiff's claim to title depended entirely on the Court's interpretation of the notice statute in the federal tax law, specifically, whether the IRS violated the notice provision by failing to give adequate notice—which was an issue that was disputed by the parties); see also, *City of Chicago v. Int'l College of Surgeons*, 522 U.S. 156, 160 & 164 (1997) (finding federal court jurisdiction over state law claims when the state law claims necessitated the resolution of substantial questions of federal law, specifically whether certain actions violated the Due Process and Equal Protection Clauses as disputed by the parties).

Here, even if a "substantial" federal issue were involved in the case, Plaintiffs still fall short of satisfying the legal standard since they are unable to identify a legitimate "dispute" between the parties over any federal issues.

Plaintiffs claim that a dispute exists between the parties as to the meaning, construction and effect of certain sections of the Act. (Plaintiffs' Motion, pgs. 9-10). Significantly, Plaintiffs' Amended Complaint makes no allegations regarding a dispute over the meaning, construction and effect of the stated sections of the Act. Perhaps, this is due to the fact that Plaintiffs are entirely aware that no such dispute exists. Nevertheless, First Midwest has never given Plaintiffs any reason to believe that it disputes its responsibilities under the stated sections of the Act, and in fact, plainly stated in its Motion to Dismiss that First Midwest's assumption of liabilities is unquestioned. (First Midwest's Memorandum in Support of Its Motion To Dismiss filed on 4/30/08, p.6, fn.1). Moreover, the Merger Agreement between First Midwest and Bank Calumet specifically states that First Midwest **will be** responsible for all liabilities of Bank Calumet. Thus, it is disingenuous for Plaintiffs to now claim that such a dispute exists.

Plaintiffs' argument that First Midwest would not have assumed the liabilities of Bank Calumet but for the requirement to do so by the Act completely misses the mark. The point is not whether First Midwest was *compelled* or *required* to assume Bank Calumet's liabilities. The point is that First Midwest agrees that it *is* responsible for the liabilities of Bank Calumet. The Supreme Court plainly states that the federal issue must be substantial **and** it must also be contested. *Grable & Sons Metal Products, Inc.*, 545 U.S. at 313. In this case, there is no **contested** federal issue involved because, as stated, First Midwest agrees that it is responsible for the liabilities of Bank Calumet—to the extent any such liabilities are proven by Plaintiffs.

Because First Midwest does not dispute the meaning, construction and effect of the stated sections of the Act as it applies to its merger, there is no "substantial and contested" federal issue requiring resolution by this Court, and federal court jurisdiction is inappropriate. Plaintiffs' Amended Complaint was properly dismissed by this Court, and Plaintiffs' Motion to Reconsider must be denied.

## CONCLUSION

For the foregoing reasons, First Midwest Bank respectfully requests that this Court deny Plaintiffs' Motion for Reconsideration and for such other and further relief as this Court deems just and proper.

DATED: June 18, 2008

Respectfully submitted,

/s/ Angela Stinson-Marti
One of the Defendant's Attorneys

Craig White (#2999668)
Angela Stinson-Marti (#6279869)
WILDMAN, HARROLD, ALLEN & DIXON LLP
225 West Wacker Drive, Suite 2800
Chicago, IL 60606-1229
Phone: (312) 201-2637
Facsimile: (312) 201-2555

## CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certifies that on June 18, 2008, a copy of the foregoing DEFENDANT FIRST MIDWEST BANK'S RESPONSE TO PLAINTIFFS' MOTION TO RECONSIDER THE DISMISSAL FOR LACK OF SUBJECT-MATTER JURISDICTION, was electronically filed with the Clerk of the Court of the United States District Court for the Northern District of Illinois, Eastern Division, using the CM/ECF System, which will send notification of such filing to all counsel of record.

/s/ Angela Stinson-Marti