```
                    UNITED STATES DISTRICT COURT
                    NORTHERN DISTRICT OF ILLINOIS
                          EASTERN DIVISION

CHARLOTTE LUCKETT, et al,        )
     Plaintiffs,                 )
                                 )     08 C 1501
     vs.                         )
                                 )     Judge Castillo
FIRST MIDWEST BANK,              )
     Defendant.                  )
```

PLAINTIFFS' REPLY MEMORANDUM IN SUPPORT OF THEIR MOTION TO RECONSIDER THE DISMISSAL FOR LACK OF SUBJECT-MATTER JURISDICTION

I

STANDARD OF REVIEW

On the first three pages of its memorandum in opposition to the Rule 59(e) motion, FMB makes statements such as "(i)t is improper on a motion for reconsideration ... to set forth new legal theories or arguments previously available" (P.1), Plaintiffs' memorandum in support of the pending motion "put(s) forth the same factual and legal theories previously argued to this Court" (P.2) (emphasis in original) and "there is no sufficient explanation given for Plaintiffs' failure to raise this issue previously. A motion for reconsideration is not the proper vehicle for introducing arguments previously available" (P.3). Two Seventh Circuit cases, Bally Export Corp. vs. Balicar, Ltd., 804 F.2d 404 (7th Cir. 1986), and Mungango vs. Gonzales, 479 F.3d 531 (7th Cir. 2007), are cited.

These contentions and citations, as used under the circumstances of this case, are disingenuous. They are disingenuous because the normal contested motion procedure allows the oppon-

1

ent to the motion to respond in writing to the motion BEFORE the court rules on it. However, here, the Court ruled on FMB's Rule 12(b)(1) motion without giving Plaintiffs the opportunity to respond to it in writing: the Court told Plaintiffs' counsel to file a motion for reconsideration. T.5-7-08 (R.24) at 2-3,4-5. Therefore, the normal rules which pertain to Rule 59(e) motions are inapplicable here because the memorandum in support of the pending Rule 59(e) motion is Plaintiffs' first opportunity to respond in writing to FMB's Rule 12(b)(1) motion. The cases cited by FMB in its response to the pending Rule 59(e) motion are inapposite because none of them indicate that the court granted the dispositive motion without affording the opponent an opportunity to respond to it in writing before ruling[1].

II

THE FIRST AMENDED COMPLAINT SUFFICIENTLY PLEADS PLAINTIFFS'
CAUSE OF ACTION

On P.4 of its memo, FMB faults the first amended complaint for "mak(ing) no allegations regarding a dispute over the meaning, construction and effect of" 12 U.S.C. Secs. 215a(a)(4) and 215a-1. This statement is made in ignorance of hornbook rules of pleading a cause of action pursuant to Fed. Rul. Civ. Pro. 8(a)(2). The complaint need only contain a "short and plain state-

---

[1] It is true that Plaintiffs' counsel proffered the holdings and results of International College of Surgeons and Grable on the record at the May 7 motion call. This proffer, with the extremely limited time available on a motion call, cannot be compared to the opportunity for a party to state its position -- and make a full record -- in a written memorandum not to exceed 15 pages.

2

ment of the claim" which must "raise a right to relief above the speculative level." Conley vs. Gibson, 355 U.S. 41, 47, 78 S.Ct. 99, 103, 2 L.Ed.2d 80 (1957); Bell Atlantic Corp. vs. Twombley, 127 S.Ct. 1955, 1964-1965 (2007). Significantly, "(t)he plaintiff is not required to plead ... legal theories or cases or statutes ..." Shah vs. Intercontinental Hotel, 314 F.3d 278, 282 (7th Cir. 2002). If the complaint meets the standards of Rule 8 (a)(2) -- as this one does -- "the legal basis of the plaintiffs' claim" is set forth in a "brief or memorandum." Pratt vs. Tarr, 464 F.3d 730, 733 (7th Cir. 2006).

Moreover, 28 U.S.C. Sec. 1331 does not require a complaint to allege a dispute as to "the meaning, construction or effect of" Federal law. Sec. 1331 only requires the claim to "aris(e) under ... the laws of the United States." As Plaintiffs contended in Argument I and PP.6-7 of their initial memo and in Argument III, infra, FMB's Federal liability as alleged in this "well-pleaded complaint" would not exist in the absence of Secs. 215a(a)(4) and 215a-1.

The citations in this Argument establish that FMB's contentions about the first amended complaint failing to attack the "meaning, construction or effect of" Secs. 215a(a)(4) and 215a-1 are frivolous.

III

THERE IS A "DISPUTED AND SUBSTANTIAL" ISSUE BETWEEN THE PARTIES AS TO THE "CONSTRUCTION OR EFFECT" OF 12 U.S.C. SECS. 215a(a)(4) AND 215a-1 AS THE PARTIES ARE IN CONFLICT AS TO WHETHER THESE SUBSECTIONS CREATE FMB'S LIABILITY

FMB states on P.4 of its memo that "even if a 'substantial' federal issue were involved in this case, Plaintiffs fall still (sic) short of satisfying the legal standard since they are unable to identify a legitimate 'dispute' between the parties over any federal issue." FMB believes this to be true because it "has never given Plaintiffs any reason to believe that it disputes its responsibilities under the stated sections of the Act and, in fact, plainly stated in its motion to dismiss that (its) assumption of liabilities is unquestioned."

FMB's concession of liability if Plaintiffs can prove Bank Calumet's breach of fiduciary duty is not what the Supreme Court had in mind when it used the words "disputed and substantial" in Grable. FMB conveniently avoids any discussion of the qualifier to "disputed and substantial", i.e., the suit must involve the "'construction or effect'" of Federal law. 545 U.S. at 315 n.3, 125 S.Ct. at 2369 n.3. This lawsuit certainly does.

There is a "substantial" "disput(e)" between the parties as to the "'construction or effect'" of Secs. 215a(a)(4) and 215a-1. As the quotes in the first paragraph of this Argument indicate, FMB contends that its liability is based upon the merger

4

agreement[2]. As the first full paragraph on P.3 of the initial memo in support of the Rule 59(e) motion indicates, Plaintiffs contend that FMB's liability is based upon Secs. 215a(a)(4) and 215a-1. Plaintiffs have the better of this dispute because it is obvious that FMB would never have assumed Bank Calumet's liabilities if it was not required by Secs. 215a(a)(4) and 215a-1 to do so: the Court can take judicial notice of the fact that banks do not go around assuming the liabilities of other banks unless they are legally required to do so. The source of whatever contractual liability FMB has is Secs. 215a(a)(4) and 215a-1.

Plaintiffs' contention that Secs. 215a(a)(4) and 215a-1 create the liability is fortified by the result which would be reached if the assumption of liability required by these subsections was excluded from the merger agreement. Because existing law is part of every contract, <u>Norfolk and Western Ry. Co. vs. American Train Dispatchers Assn.</u>, 499 U.S. 117, 130, 111 S.Ct. 1156, 1164, 113 L.Ed.2d 95 (1991), the liability created by Secs. 215a(a)(4) and 215a-1 would exist even if the required language was excluded from the merger agreement.

There is another reason why FMB's concession of liability if a case is proven against Bank Calumet has no effect on sub-

---

[2] On P.8 of its memo in support of its 12(b)(1) motion, FMB posits that "(t)he provision" of the National Banking Act at issue "does not ... provide Plaintiffs with either a right of relief for abuse of fiduciary duty nor a remedy for abuse of fiduciary duty." In fn.1 of its 12(b)(1) motion, FMB states its liability is "unquestioned" because "the merger agreement states that (it) will assume all liabilities of Bank Calumet, N.A."

ject-matter jurisdiction: there is nothing since Grable came down which states that this kind of concession or admission of liability avoids 1331 jurisdiction. This is another reason why the words "disputed and substantial" are just another way of saying that there is 1331 jurisdiction of a state law claim containing a "disputed and substantial" Federal law question if that Federal question is "outcome determinative."[3] See Pltfs. Initial Mem., P.10. In other words, there is certainly 1331 jurisdiction of this case within the intent of Grable and International College of Surgeons because there is a "disputed and substantial" issue as to the "'construction or effect'" of Secs. 215a(a)(4) and 215a-1, i.e., whether Secs. 215a(a)(4) and 215a-1 are the source of FMB's liability

   FMB fails to cite any authority supporting its contention that a concession of liability if a case is proven against Bank Calumet avoids Sec. 1331 subject-matter jurisdiction. Diversity jurisdiction is determined as of the filing of a lawsuit and is unaffected by subsequent events. Freeport-McMoRan, Inc. vs. KN Energy, Inc., 498 U.S. 426, 428, 111 S.Ct. 858, 859-860, 112 L. Ed.2d 951 (1991). There is no legal or logical reason why 1331 jurisdiction should be treated any differently[4], i.e., divested

---

[3] Of course, that Federal question must be apparent on the face of the complaint and cannot be a matter of defense. International College of Surgeons, 522 U.S. at 164, 118 S.Ct. at 529; Aetna Health, Inc. vs. Davila, 542 U.S. 200, 207, 124 S.Ct. 2488, 2494, 159 L.Ed.2d 312 (2004).

[4] In City of New Orleans vs. United Gas Pipeline Co., 390 F.Supp. 861, 863 (E.D. La. 1974), a district court, in remanding

by a post-filing stipulation to the facts creating liability under Federal law. The well-pleaded complaint rule determines whether a state law claim contains a "'substantial question of federal law'." International College of Surgeons, 522 U.S. at 164, 118 S.Ct. at 529. Therefore, the contents of the complaint showing an outcome determinative, or "substantial", question of Federal law are the sole and only criteria for determining the existence of 1331 jurisdiction. A post-filing stipulation to liability under Federal law is irrelevant[5].

---

a removed case to state court for failure to raise a Federal question, stated that "(w)hether a complaint initially filed in federal court properly invokes federal jurisdiction, or whether a federal question is presented in a state court proceeding sought to be removed, must ... be determined at the inception of the suit. ... (T)he Supreme Court early developed (sic) the well-pleaded complaint rule: the federal question must appear on the face of the well-pleaded complaint."

[5] Whether a Federal statute affords a right of relief is addressed under Fed. Rul. Civ. Pro. 12(b)(6) and not, as FMB has done, under Rule 12(b)(1). Health Cost Controls vs. Skinner, 44 F.3d 535, 537 (7th Cir. 1995); Maher vs. F.D.I.C., 441 F.3d 522, 525 (7th Cir. 2006); Bell vs. Hood, 327 U.S. 678, 682, 66 S.Ct. 773, 776, 90 L.Ed. 939 (1946). "As frequently happens where jurisdiction depends on subject-matter, the question whether jurisdiction exists has been confused with the question whether the complaint states a cause of action." Romero vs. International Terminal Operating Co., 358 U.S. 354, 359, 79 S.Ct. 468, 473, 3 L.Ed.2d 368 (1959). "The question of whether a federal statute creates a claim for relief is not jurisdictional." Northwest Airlines, Inc. vs. Kent County, 510 U.S. 355, 365, 114 S.Ct. 855, 862, 127 L.Ed.2d 183 (1994).

IV

28 U.S.C. SEC. 1337(a)

FMB has not responded to Plaintiffs' contentions regarding 28 U.S.C. Sec. 1337(a). In light of the citations in Argument IIA of the initial memo in support of the Rule 59(e) motion, this Court can find subject-matter jurisdiction premised upon Sec. 1337(a).

CONCLUSION

For the foregoing reasons, Plaintiffs request this court to vacate the dismissal for lack of subject-matter jurisdiction.

Respectfully submitted,

/s/Robert Handelsman
_____

| | |
|---|---|
| Terence J. Tyksinski | Robert Handelsman |
| Suite 517 | Suite 1717 |
| 77 W. Washington St. | 77 W. Washington St. |
| Chicago, Ill. 60602 | Chicago, Ill. 60602 |
| 312-372-3525 | 312-977-1600 |

Attys. for Plaintiffs