IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHARLOTTE LUCKETT, LUDELLA PARKS, ROSETTA CATLETT, ALVIN HUTTON, FLETCHER HUTTON, RODNEY HUTTON, PHILIP HUTTON, MAURICE HUTTON, CALVIN HUTTON, FENNER HUTTON, JR., YOLANDA HUTTON, CATERIA HUTTON, LENTELL HUTTON, LEVAR HUTTON, IVORY JEAN HUTTON, ARONTA TUCKER, ARREIUM TUCKER, ARTESHIA TUCKER, ANTHONY TUCKER, JR., BRENDA, MARSHALL, parent and next friend of BRANDON HUTTON and BRIANNA HUTTON, minors, BRIAN HUTTON, JR., VINCENT FRENCH, Plaintiffs, v. FIRST MIDWEST BANK, Defendant. | No. 08 C 1501<br><br>Judge Ruben Castillo |

## MEMORANDUM OPINION AND ORDER

On March 12, 2008, Plaintiffs Fletcher Hutton, Rodney Hutton, Philip Hutton, Maurice Hutton, Calvin Hutton, Fenner Hutton, Jr., Yolanda Hutton, Cateria Hutton, Lentell Hutton, Levar Hutton, Charlotte Luckett, Ivory Jean Hutton, Aronta Tucker, Arreium Tucker, Arteshia Tucker, Anthony Tucker, Jr, Ludella Parks, Rosetta Catlett, Alvin Hutton (collectively "Plaintiffs") sued First Midwest Bank, Brian Hutton, Jr., Vincent French, and Brenda Marshall, parent and next friend of Brandon Hutton and Brianna Hutton, minors, for breach of fiduciary duty. (R. 1.) Plaintiffs filed an amended complaint ("Complaint") on March 27, 2008, which maintained the same claims but changed Brian Hutton, Jr., Vincent French, and Brenda Marshall,

parent and next friend of Brandon Hutton and Brianna Hutton, minors, from defendants to Plaintiffs, and kept only First Midwest Bank as Defendant in the case. (R. 9.) Although the Complaint purports to set forth two Counts, both state the same breach of fiduciary duty claim. In Count I, Plaintiffs alleges that this Court has federal question jurisdiction over this matter under 28 U.S.C. § 1331 and 28 U.S.C. § 1337, pursuant to the National Banking Act, 12 U.S.C. § 215, *et seq*. In Count II, the Complaint alleges that this Court has supplemental jurisdiction over Plaintiffs' breach of fiduciary duty claim pursuant to 28 U.S.C. § 1367. (R. 9, Compl. ¶ 1.)

Defendant filed a motion to dismiss Plaintiffs' Complaint for lack of subject matter jurisdiction (R. 16), and this Court granted Defendant's motion. (R. 19, 5/7/08 Min. Entry.) On May 16, 2008, Plaintiffs filed a motion to reconsider the dismissal. (R. 20.) The matter is now fully briefed. Plaintiffs' motion is denied for the reasons stated below.

## FACTUAL AND PROCEDURAL HISTORY

On December 31, 1996, L.T. and Mary Hutton, owners of a piece of real estate located at 20917 Corinth Road in Olympia Fields, Illinois ("the real estate"), mortgaged the real estate to Bank Calumet, N.A., for $125,000. (R. 9, Compl., Count I ¶ 5.) The Huttons executed a second mortgage on the real estate on December 4, 1998, to House of Windows, Inc., for $8,989.50. (*Id.* ¶¶ 7-8.) Mary Hutton died on March 18, 2002. (*Id.* ¶ 8.) On November 21, 2002, Bank Calumet filed an action in the Circuit Court of Cook County against L.T. and Mary Hutton to foreclose on the aforementioned mortgages, seeking a total of $131,881.67. (*Id.* ¶ 9.)

L.T. Hutton died intestate on December 3, 2002. (*Id.* ¶ 10.) The probate court granted Bank Calumet letters of administration for the estate of L.T. Hutton on September 3, 2003. (*Id.* ¶ 12.) On March 30, 2004, Bank Calumet sold and conveyed the real estate to Keith Eenigenburg

("Eenigenburg") for $160,000. (*Id.* ¶ 14.) On December 16, 2004, Eenigenburg sold and conveyed the real estate to Rosalind Nelson for $240,000. (*Id.* ¶ 19.)

On or about May 12, 2006, First Midwest Bank, a banking corporation organized under the laws of the State of Illinois, merged with Bank Calumet, N.A., a national banking association. (*Id.* ¶¶ 3, 23.) First Midwest Bank is the surviving entity. (*Id.*) The Merger Agreement between First Midwest and Bank Calumet contains a provision stating that First Midwest "shall be responsible for all of the liabilities of every kind and description, including liabilities arising from the exercise of trust powers, of [Bank Calumet, N.A.] existing as of the time of the merger." (*Id.*, Ex. G3.)

Plaintiffs sued First Midwest Bank in March 2008, alleging that Bank Calumet breached its fiduciary duty to Plaintiffs and that First Midwest Bank assumed Bank Calumet's liability for this breach in its merger. Plaintiffs claim that Bank Calumet, in its capacity as Administrator of the Estate of L.H. Hutton, owed Plaintiffs, as heirs to L.T. and Mary Hutton's estate, a fiduciary duty to sell the real estate to Eenigenburg at its fair market value and to account to Plaintiffs for all of sales proceeds. (R. 9, Compl., Count I ¶ 21.) Plaintiffs argue that the fair market value of the real estate was $240,000, not the $160,000 for which Bank Calumet sold the real estate. (*Id.* ¶ 15.) Plaintiffs argue that Bank Calumet breached its fiduciary duties by failing to sell the real estate at its fair market value and to account to Plaintiffs for the sale proceeds. (*Id.*)

## LEGAL STANDARDS

"[A] court may relieve a party from a final judgment or order based on, among other reasons, mistake, inadvertence, surprise, or excusable neglect; newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial; or

3

fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party." *Hicks v. Midwest Transit, Inc.*, 531 F.3d 467, 474 (7th Cir. 2008) (citing Fed. R. Civ. P. 60(b)) (internal citations and quotations omitted). Motions for reconsideration serve a limited function: "to correct manifest errors of law or fact or to present newly discovered evidence." *Id.* Whether to grant a motion to reconsider is a matter within the district court's discretion. *Id.* at 473.

Plaintiffs argue that this Court committed a manifest error of law when it granted Defendant's motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) and ruled that this Court did not have subject matter jurisdiction over the Plaintiffs' Complaint. Rule 12(b)(1) provides for dismissal of an action for lack of subject matter jurisdiction. As with a Rule 12(b)(6) motion to dismiss, the Court analyzes a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction by assuming for purposes of the motion that the allegations in the complaint are true. *United Phosphorus, Ltd. v. Angus Chem. Co.*, 322 F.3d 942, 946 (7th Cir. 2003).

## ANALYSIS

Plaintiffs claim federal jurisdiction under 28 U.S.C. §§ 1331 and 1337. Section 1331 provides that "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Section 1337, a corollary of Section 1331, states that "district courts shall have original jurisdiction of any civil action or proceeding arising under an Act of Congress regulating commerce or protecting trade and commerce against restraints and monopolies." 28 U.S.C. § 1337.

Plaintiffs contend that their breach of fiduciary duty claim against First Midwest Bank

4

arises under federal law because First Midwest's merger with Bank Calumet, and First Midwest's concurrent assumption of Bank Calumet's liabilities, was completed pursuant to the National Banking Act, 12 U.S.C. § 215, *et. seq*. The National Banking Act, 12 U.S.C. § 215a(a)(4), requires a merger agreement between an out-of-state bank (First Midwest Bank) and a national bank (Bank Calumet) to "provide that the receiving association shall be liable for all liabilities of the association or state bank being merged into the receiving association." The merger agreement between First Midwest Bank and Bank Calumet incorporated this provision.

Although the merger may have been governed by the National Banking Act, Plaintiffs' state law breach of fiduciary duty claim does not arise under the National Banking Act. A case arises under federal law when "federal law creates the cause of action or . . . the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 164 (1997). "[F]ederal jurisdiction demands not only a contested federal issue, but a substantial one, indicating a serious federal interest in claiming the advantages thought to be inherent in a federal forum." *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 313 (2005).

Plaintiffs' breach of fiduciary duty claim does not depend on the resolution of any substantial and contested question of federal law. Defendant acknowledges that its merger with Bank Calumet was conducted pursuant to the National Banking Act, and Defendant does not dispute that it assumed Bank Calumet's liabilities in the merger. (R. 16, Def.'s Mot. to Dismiss at 6 n.1, R. 25, Def.'s Resp. to Mot. to Reconsider at 4.) Plaintiffs argue that the National Banking Act "created" Defendant's liability to Plaintiffs, and thus Plaintiffs' breach of fiduciary duty claims arise under federal law. (R. 26, Pls.' Reply to Mot. to Reconsider at 4.) Whether or

not a federal statute "created" the Defendant's liability, however, Plaintiffs' breach of fiduciary duty claim does not arise under that federal statute. Even if a federal defense or other issue may arise during the course of the litigation---though this Court cannot foresee how it would---that is not sufficient to establish federal question jurisdiction pursuant to 28 U.S.C. § 1331. *See Jaskolski v. Daniels*, 427 F.3d 456, 459-60 (7th Cir. 2005).

The case at bar involves exclusively on a state law abuse of fiduciary duty claim. Plaintiffs have failed to show that their cause of action requires the resolution of a substantial and disputed question of federal law or that federal law is an essential element of their cause of action. Accordingly, the Court denies Plaintiffs' motion to reconsider the dismissal of their Complaint for lack of subject matter jurisdiction. (R. 20.)

Date: September 18, 2008         ENTERED: _____
                                          Ruben Castillo
                                          United States District Judge